## LOUISA S. GLADE, EX'X, etc.
v.
## KASPAR G. SCHMIDT.

1. ARBITRATION—AWARD—SUBMISSION.—The award can not be extended beyond the terms of the submission. If an award goes beyond the issues limited by the submission and is therefore in excess of the power conferred on the arbitrators it will be invalid as a whole, if the matter in excess can not be separated from the residue.

Glade v. Schmidt.

2. Parol evidence to enlarge award.—When the written award itself is in pursuance of the submission, it can not be enlarged by parol evidence so as to show that the arbitrators took into consideration and settled matters not submitted to them. Such evidence might be admissible in a direct attack to set aside the award or in answer to a suit brought upon the award in support of a plea denying the validity of the award. Under the circumstances of the case, *held*, that the testimony of the arbitrators, as to the set-off in question, was inadmissible.

Appeal from the Superior Court of Cook county; the Hon. Sidney Smith, Judge, presiding. Opinion filed August 6, 1886.

This action was brought by the executrix of the last will of Herman O. Glade, deceased, to recover from appellee, who was the survivor of the firm of Schmidt & Glade, of which Glade, deceased, was a member, a debt due to the deceased by the firm on the ground that appellee had, for a valuable consideration, assumed and agreed to pay it. The case was considered by this court on a former appeal, and is reported in 15 Bradwell, 51, and as the facts are there stated in detail, it is unnecessary to restate them here at large. The parties being engaged in a litigation made a stipulation, by which it was agreed that a decree should be entered directing the sale of a certain brewing business and good will of said firm and all personal property of said firm except doubtful accounts, to Schmidt, subject to all outstanding liabilities of said firm; that the amount Schmidt was to pay therefor should be ascertained by arbitrators chosen as therein provided; that Schmidt should pay plaintiff one half the amount so ascertained after deducting all the liabilities of said firm; that the individual accounts of Schmidt and Glade respectively, should be ascertained from the books, and the accounts due by or from them respectively, should be treated as the accounts of strangers. The agreement prescribed a form for the report of the arbitrators, which was filled up and signed by them, and is as follows:

" We, the undersigned arbitrators, hereby appraise and find the entire value of the brewing business, real and personal property and assets of the late firm of Schmidt & Glade, on

August 21, 1882, inclusive of the good will of said business, in the hands of Kaspar G. Schmidt, as the purchaser thereof, at the sum of $161,245.94, after deducting all the liabilities of said firm and also deducting the compensation of said Schmidt, as manager and receiver, as aforesaid."

After the award was filed in court, plaintiff conveyed to Glade all the real estate and personal property of the firm, and received therefor half the sum fixed as the value in the award, it being provided in the deed that " Schmidt should assume and agree to pay all the liabilities of the late firm of Schmidt & Glade."

It was shown on the trial below, and is not disputed, that the books of the firm of Schmidt & Glade showed a balance due from said firm to said Glade, deceased, of $1,881.93.

To defeat appellant in her suit to recover said amount as a liability of the firm, which appellee had assumed to pay, the court permitted appellee to introduce two of the arbitrators, who testified, in substance, that in arriving at their award, they took into consideration the item of indebtedness from the firm to Glade, as shown by the books, and off-set the same sum of $1,881 against Schmidt's claim for service as manager and receiver. Under this evidence the court found for Schmidt, and gave the judgment against plaintiff for costs, and the case is brought here by appeal.

Messrs. ROSENTHAL & PENCE, for appellant; as to awards, cited Morse on Arbitration, 486; Russell on Award, 436; Traverse v. Stafford, 2 Ves., Sr., 19; Kimball v. Walker, 30 Ill. 482; Hadaway v. Kelly, 78 Ill. 286.

Arbitrators are not competent witnesses to impeach their own award or to prove their own misconduct: Bigelow v. Maynard, 4 Cush. 317; Stone v. Atwood, 28 Ill. 30; C'aycomb v. Butler, 36 Ill. 100; Denman v. Bayless, 22 Ill. 302; 1 Greenleaf on Ev., § 249.

Mr. WILLIAM VOCKE, for appellee.

MORAN, J. The agreement of submission made by the parties is very clear as to the matters submitted to the arbi-

trators, and explicit as to the manner as to which they shall, in arriving at the value of the property and business, treat the accounts of the respective partners. They are authorized to allow Schmidt a compensation for his individual services as manager and receiver, but as to the accounts of the partners on the books when correctly ascertained, they are to be treated as the accounts of strangers, and by the agreement Schmidt is to take the property subject to the liabilities. The written submission is not to settle as between the parties all claims, demands and accounts between them, but to ascertain and report as to certain specified matters, and the written award made by the arbitrators is in formal accordance with the terms of the written submission. It is well settled that the award can not be extended beyond the terms of the submission. Caldwell on Arbitration, 321; Lee's Ex'r v. Delane, Adm'r, 39 N. J. Eq. 193. And if an award goes beyond the issues limited by the submission, and is therefore in excess of the power conferred on the arbitrators, it will be invalid as a who'e, if the matter in excess can not be separated from the residue. White v. Arthur, 59 Cal. 336; Wait's Actions and Defenses, 537.

This award was treated by the parties as valid, and a decree of the court was entered based thereon, and defendant does not now attack the award, but claims it as binding and final; as such it operates as a conclusive judgment as between the parties as to all the matters submitted and awarded upon.

The written award itself is the best evidence of the action of the arbitrators. When the written award is in pursuance of the submission, it can not be enlarged by parol evidence, so as to show that the arbitrators took into consideration, and settled, matters not submitted to them. Such evidence might be admissible in a direct attack to set aside the award, or in answer to a suit brought upon the award, in support of a plea denying the validity of the award.

The admission of the testimony of the arbitrators as to the set-off of the claim of Glade against the services of Schmidt was, under the circumstances of this case, error, and the judgment must be reversed and the case remanded for a new trial.

Reversed and remanded.